**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VANCE RAYNARD TURNER, # 1816284** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-2591-K-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be dismissed.

**I. BACKGROUND**

On January 7, 2011, Petitioner pled guilty to Possession of a Controlled Substance in a

Drug Free Zone, and was placed on four years' deferred adjudication community supervision,

also known as deferred adjudication probation.  *State v. Turner*, No. F10-61265 (383rd Judicial

District Court, Dallas County Jan. 7, 2011); (Doc. 11-3 at 44-45).  On September 25, 2012, the

trial court revoked the probation, found Petitioner guilty, and sentenced him to ten years'

imprisonment.  (Doc. 11-3 at 56-57).  Petitioner did not appeal (Doc. 3 at 3), and the Texas Court

of Criminal Appeals subsequently rejected his state habeas applications.  *See Ex parte Turner*,

No. WR-79,253-02 (Tex. Crim. App. Apr. 24, 2013) (denying state habeas relief) (Doc. 11-3 at

2).

On July 15, 2013, Petitioner filed this federal petition, alleging that his guilty plea was

involuntary and that counsel rendered ineffective assistance in connection with this guilty plea

by failing to advise him of the full range of punishment and the effect of the drug-free zone

enhancement on his parole eligibility and back time credits.  (Doc. 3 at 7).  Respondent argues

the petition is time barred and, alternatively, that it fails on the merits.  (Doc. 16).  Petitioner

disagrees with those assertions.  (Doc. 18, 19).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. §

2244(d).  As is pertinent here, that limitations period runs from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).

Petitioner, relying on state cases and statutes, argues that the order placing him on

deferred adjudication probation was not a final judgment.  (Doc. 18 at 6, 8).  However, because

Petitioner's federal claims relate to his initial guilty plea and placement on deferred adjudication

probation, the one-year statute of limitations runs from the date the deferred-adjudication order

became final under 28 U.S.C. § 2244(d)(1)(A).  *See Caldwell v. Dretke*, 429 F.3d 521, 528-529

(5th Cir. 2005) (state court order of deferred adjudication community supervision is a final

judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)).

"Under Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence

is imposed or suspended in open court.'"  *Id.* at 530 (quoting TEX. R. APP. P. 26.2(a)(1)).  S*ee

also Tharpe v. Thaler*, 628 F.3d 719, 723-725 (5th Cir. 2010) (reaffirming *Caldwell*'s holding

and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)).

Applying *Caldwell* to this case, Petitioner's deferred-adjudication judgment became final

on February 6, 2011 -- 30 days after the state court deferred adjudicating his guilt and placed him

on a four-year term of community supervision.  The one-year period, thus, began to run on

February 7, 2011, and expired one year later on February 6, 2012.  Because Petitioner did not file his state application until December 18, 2012[1] -- more than ten months after the one-year period expired -- he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period).  Consequently, the federal petition, deemed filed as of June 28, 2013, is clearly untimely absent equitable tolling.[2]

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); s*ee also Holland v. Florida*, 560 U.S. 631, ---, 130 S. Ct. 2549, 2560 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances).  "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quotations and quoted case omitted).

None of Petitioner's pleadings request equitable tolling.  Moreover, his filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-846 (5th Cir.  2007) (summarizing cases).

---

[1] The state application is deemed filed on December 18, 2012, the date on which Petitioner signed it (Doc. 11-3 at 18) and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on November 20, 2012, when Petitioner signed the same.  (Doc. 1).

Petitioner squandered the entire one-year period, clearly failing to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  It is not surprising that Petitioner did not challenge his underlying guilty plea prior to the revocation of his community supervision.  Undoubtedly, a sentence of deferred adjudication probation was the most favorable disposition of the serious criminal charge to which Petitioner admitted his guilt.  Nevertheless, Petitioner's lack of diligence did not end with the post-revocation filing of his state habeas application; Petitioner waited over ten months following the denial of his state application to submit this federal petition.

Having failed to explain the lengthy delays in this case, Petitioner has shown neither due diligence nor rare and extraordinary circumstances.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained delays do not evince due diligence or rare and extraordinary circumstances).  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).   Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. §

2244(d).

SIGNED January 24, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE